**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SECURITIES AND EXCHANGE**
**COMMISSION,**

                                      **Plaintiff,**

                  **-against-**

**MMOBUOSI ODOGWU BANYE (a/k/a DOZY**
**MMOBUOSI), TINGO GROUP, INC., AGRI-**
**FINTECH HOLDINGS, INC. (f/k/a TINGO**
**INC.), and TINGO INTERNATIONAL**
**HOLDINGS, INC.,**

                                      **Defendants.**

**23 Civ. 10928 (      )**

### DECLARATION OF DAVID ZETLIN-JONES UNDER LOCAL CIVIL RULE 6.1(d) AND FEDERAL RULE OF CIVIL PROCEDURE 65(b)(1)(B)

I, David Zetlin-Jones, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a member of the bar of the State of New York and of the United States District Court for the Southern District of New York.  I am employed by Plaintiff Securities and Exchange Commission (the "Commission") in its New York Regional Office as a Trial Counsel.

2.      I make this declaration pursuant to Local Civil Rule 6.1(d) and Federal Rule of Civil Procedure 65(b)(1)(B) to show that good and sufficient reason exists for bringing the Commission's Emergency Application for an Order to Show Cause, Temporary Restraining Order, and Preliminary Injunction Including an Asset Freeze and Granting Other Relief (the "Application") by proposed order to show cause rather than by notice of motion.

3.      No previous application for the relief requested herein or any similar relief has been made.

4.      The Commission makes this Application for an order to show cause to: (a) halt Defendants' ongoing fraud; (b) preserve the *status quo* pending adjudication of the Application; (c)

freeze the assets of Defendant Mmobuosi and require him to repatriate assets obtained from the activities described in the Complaint now located abroad; (d) enjoin Defendants TIH, Agri-Fintech and Tingo Group ("Corporate Defendants" and, together with Mmobuosi, "Defendants")[1] from directly or indirectly transferring any money or property, or issuing new shares of stock, to Mmobuosi; (e) enjoin Defendants from selling or otherwise disposing of their respective holdings of Agri-Fintech and Tingo Group stock; (f) order Defendants to prepare a verified accounting of their current assets and use of their proceeds from sales of Agri-Fintech and Tingo Group stock; (g) prevent the destruction, alteration, concealment, or other interference by Defendants with the Commission's access to relevant documents; and (h) authorize alternative means of service.

5.      The Commission staff believes that proceeding by notice of motion may jeopardize the Court's ability to grant full and effective relief both as to this Application and the merits of the Complaint because of the risk of dissipation of investor assets and the continued control over the Corporate Defendants by Mmobuosi, who the Commission alleges orchestrated a deceptive scheme to falsify the Corporate Defendants' books, records and accounts, resulting in the fraudulent and material overstatement of the Corporate Defendants' financial statements and results, in violation of the antifraud, recordkeeping and accounting control, and various other provisions of the federal securities laws identified in the Complaint.

6.      As detailed in the Declarations of Peter R. Barker, James Patrick Lynch, Michael S. DiBattista, and Christopher Mele, and the exhibits attached thereto, along with the memorandum of law filed herewith:

> (a)  Defendant Mmobuosi violated Securities Act Section 17(a), Exchange Act Sections
>       10(b), 13(b)(5), 16(a) of the ("Exchange Act") Rules 10b-5, 13a-14, 13b2-1, 13b2-2,

---

[1] All terms not otherwise defined herein shall have the meaning ascribed to them in the Application and the Complaint, which I have also reviewed.

and 16a-3 thereunder, and Section 304 of the Sarbanes-Oxley Act of 2002, and is liable as a control person of the Corporate Defendants under Exchange Act Section 20(a) with respect to the Corporate Defendants' violations of the Exchange Act Section 10(b) and Rule 10b-5 thereunder.

(b) Defendant TIH violated, and Defendant Mmobuosi aided and abetted TIG's violations of, Section 17(a) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder.

(c) Defendant Agri-Fintech violated, and Defendant Mmobuosi aided and abetted Agri-Fintech's violations of, Securities Act Section 17(a), and Exchange Act Sections 10(b) 13(a), 13(b)(2)(A) and 13(b)(2)(B), and Rules 10b-5, 12b-20, 13a-1, 13a-11, and 13a-13 thereunder;

(d) Defendant Tingo Group violated, violated, and Defendant Mmobuosi aided and abetted Tingo Group's violations of, Securities Act Sections 17(a)(1) and 17(a)(3), and Exchange Act Sections 10(b) 13(a), 13(b)(2)(A) and 13(b)(2)(B), and Rules 10b-5, 12b-20, 13a-1, 13a-11, and 13a-13 thereunder; and

7.    Specifically, Mmobuosi caused the creation of fictitious transactions on the books, records and accounts of two Nigerian companies he founded and controls, Tingo Mobile and Tingo Foods, as well as Tingo Mobile's U.S. parent holding company TIH, causing these companies to fraudulently present themselves as profitable enterprises with millions of dollars in revenues, assets and profits when they were not. Mmobuosi also generated an elaborate set of forged, doctored or fabricated documents to conceal the fictitious nature of these businesses' claimed transactions and operations from potential investors and company auditors. He then leveraged the false appearance of success created by this scheme to engineer the sale of (i) Tingo Mobile from TIH to Agri-Fintech;

(ii) Tingo Mobile from Agri-Fintech to Tingo Group; and (iii) Tingo Foods from Mmobuosi personally to Tingo Group—each at values inflated by these companies' fraudulent reporting of fabricated transactions and assets.  In turn, Tingo Mobile and Tingo Foods' public company acquirers, Agri-Fintech and Tingo Group, consolidated these companies' false financial conditions and results into their own, and, as a result, knowingly or recklessly, and materially overstated their financial performance and results of operations in periodic reports filed with the Commission and numerous other public statements relied upon by investors, in violation of the securities laws' antifraud provisions.  Investors who purchased Agri-Fintech and Tingo Group stock in the market at values inflated by Defendants' deceptive scheme and false statements suffered significant losses when, in June 2023, a research analyst partially revealed the fraud, causing immediate and precipitous drops in these companies' respective share prices.

8.      The requested emergency relief is necessary both to protect current Agri-Fintech and Tingo Group investors and to ensure that Defendants do not continue to ensnare additional investors in their fraud.  Defendants Agri-Fintech and Tingo Group continue to knowingly or recklessly represent Tingo Mobile's and Tingo Foods' fictional operations as true in their public filings and elsewhere.  Defendants are still preparing and filing false financial statements and are still issuing press releases and other public statements attesting to the accuracy of Tingo Mobile's and Tingo Foods' knowingly false financial results.  Defendant Mmobuosi has also fraudulently diverted millions of dollars from Tingo Group's legitimate operating subsidiaries' U.S.-based accounts to his personal accounts overseas, and he has reaped millions more in illicit proceeds from his sales of Agri-Fintech and Tingo Group stock while in possession of the material non-nonpublic information that most of these companies' reported assets and operations are non-existent.

9.      The Commission thus makes this Application by order to show cause because there is a grave risk, if the Commission proceeds by notice of motion, that Defendant Mmobuosi will

immediately transfer additional assets for personal use to avoid having to pay any final judgment that includes disgorgement (plus prejudgment interest thereon), civil penalties and other monetary relief.

10.     Accordingly, unless Defendants are temporarily restrained and enjoined Defendants will continue to avail themselves of investor funds they obtained illegally.  To preserve the *status quo* and prevent the dissipation of assets, it is necessary for the Commission to seek the requested relief by way of proposed order to show cause.

11.     Shortly before filing the Application this morning, on December 18, 2023, I called (a) Robert Horowitz of Greenberg Traurig, LP, counsel for Tingo Group and Mmobuosi, (b) Kenneth Denos, General Counsel for Agri-Fintech, and (c) TIH at (888) 590-2103 (the business number identified in its filings with the Commission), as the Commission was not informed of any representation for TIH during the pendency of its investigation.[2]  I left Mr. Horowitz a voicemail (the phone number listed on Mr. Denos' website was disconnected) and followed up with an email to Mr. Horowitz and Mr. Denos informing them that the Commission intended to file its Complaint against Defendants and to seek the above-described emergency relief today, and I asked them to be available either in person or by phone should the Court wish to hear arguments.

Dated: New York, New York
            December 18, 2023

                                        /s/ David Zetlin-Jones
                                        David Zetlin-Jones

---

[2] Defendant Mmobuosi, represented by Mr. Horowitz, is the CEO and controlling shareholder of TIH.