UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>            -against-<br><br>MMOBUOSI ODOGWU BANYE (a/k/a DOZY MMOBUOSI), TINGO GROUP, INC., AGRI-FINTECH HOLDINGS, INC. (f/k/a TINGO INC.), and TINGO INTERNATIONAL HOLDINGS, INC.,<br><br>                    Defendants. | 23 Civ. 10928 (JMF) |

**[PROPOSED] ORDER TO SHOW CAUSE,
TEMPORARY RESTRAINING ORDER, AND ORDER FREEZING ASSETS
AND GRANTING OTHER RELIEF**

Plaintiff Securities and Exchange Commission (the "Commission") has made an application for a Temporary Restraining Order Freezing Assets, Requiring Defendants to Show Cause, and Granting Other Relief ("Application"), as follows:

(1) For an Order directing Mmobuosi Odogwu Banye (a/k/a Dozy Mmobuosi ("Mmobuosi"), Tingo Group, Inc. (Ticker: TIO) ("Tingo Group"), Agri-Fintech Holdings, Inc., f/k/a Tingo, Inc. (Ticker: TMNA) ("Agri-Fintech"), and Tingo International Holdings, Inc. ("TIH") (collectively, "Defendants") to show cause why an order should not be entered, pending final disposition of this action:

> (a) enjoining Mmobuosi from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"); Sections 10(b), 13(b)(5), and 16(a) of the Securities and Exchange Act of 1934 ("Exchange Act") and Rules 10b-5, 13a-14, 13b2-1, 13b2-2, and 16a-3 thereunder; Section 304 of the Sarbanes-Oxley Act of 2002; and from aiding and abetting

violations of Exchange Act Sections 13(a), 13(b)(2)(A), 13(b)(2)(B) and Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder;

(b) enjoining Tingo Group from violating Securities Act Section 17(a), Exchange Act Sections 10(b), 13(a), 13(b)(2)(A) and 13(b)(2)(B), and Rules 10b-5, 12b-20, 13a-1, 13a-11, and 13a-13 thereunder;

(c) enjoining Agri-Fintech from violating Securities Act Section 17(a), Exchange Act Sections 10(b), 13(a), 13(b)(2)(A) and 13(b)(2)(B), and Rules 10b-5, 12b-20, 13a-1, 13a-11, and 13a-13 thereunder;

(d) enjoining TIH from violating Securities Act Section 17(a), Exchange Act Section 10(b) and Rule 10b-5 thereunder;

(e) freezing Defendant Mmobuosi's assets;

(f) requiring Defendant Mmobuosi to repatriate assets obtained from the activities described in the Commission's Complaint that are now located outside the territorial limits of the United States;

(g) requiring Defendants to provide the Commission with a sworn accounting of all of Defendants' assets currently held directly or indirectly by Defendants, or by others for their direct or indirect beneficial interest, and the use of all proceeds of any sale or disposition by Defendants of Agri-Fintech and/or Tingo Group stock;

(h) enjoining Defendants TIH, Agri-Fintech and Tingo Group from directly or indirectly transferring money or property or issuing new shares of stock to Mmobuosi, and any agents, servants, employees, attorneys-in-fact, entities he controls, and all persons in active concert or participation with him;

(i) enjoining Defendants from selling or otherwise disposing of their respective holdings of Tingo Group and/or Agri-Fintech stock; and

  (j)  prohibiting Defendants from destroying, altering, concealing, or otherwise disposing of relevant documents, or directing other individuals or entities to do so.

(2)  Pending adjudication of the foregoing, an Order

  (a)  temporarily restraining Mmobuosi from violating Securities Act Section 17(a); Exchange Act Sections 10(b), 13(b)(5), and 16(a) and Rules 10b-5, 13a-14, 13b2-1, 13b2-2, and 16a-3 thereunder; Section 304 of the Sarbanes-Oxley Act of 2002; and from aiding and abetting violations of Exchange Act Sections 13(a), 13(b)(2)(A), 13(b)(2)(B) and Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder;

  (b)  temporarily restraining Tingo Group from violating Securities Act Section 17(a), Exchange Act Sections 10(b), 13(a), 13(b)(2)(A) and 13(b)(2)(B), and Rules 10b-5, 12b-20, 13a-1, 13a-11, and 13a-13 thereunder;

  (c)  temporarily restraining Agri-Fintech from violating Securities Act Section 17(a), Exchange Act Sections 10(b), 13(a), 13(b)(2)(A) and 13(b)(2)(B), and Rules 10b-5, 12b-20, 13a-1, 13a-11, and 13a-13 thereunder;

  (d)  temporarily restraining TIH from violating Securities Act Section 17(a), Exchange Act Section 10(b) and Rule 10b-5 thereunder;

  (e)  freezing Defendant Mmobuosi's assets;

  (f)  temporarily restraining Defendants TIH, Agri-Fintech and Tingo Group from directly or indirectly transferring money or property or issuing new shares of stock to Mmobuosi, and any agents, servants, employees, attorneys-in-fact, entities he controls, and all persons in active concert or participation with him;

  (g)  temporarily restraining Defendants from selling or otherwise disposing of their respective holdings of Tingo Group and/or Agri-Fintech Stock; and

(h)     temporarily restraining Defendants from destroying, altering, concealing, or otherwise disposing of relevant documents, or directing other individuals or entities to do so.

The Court has considered the following documents filed by Plaintiff on December 18, 2023: (1) the Complaint; (2) the Declaration of Michael S. DiBattista executed on December 18, 2023, and the exhibits thereto; (3) the Declaration of Christopher Mele executed on December 18, 2023, and the exhibits thereto; (4) the Declaration of Peter Barker, executed on November 15, 2023; (5) the Declaration of James Patrick Lynch, executed on November 24, 2023; (6) the Local Rule 6.1 Declaration of David Zetlin-Jones, executed on December 18, 2023; and (7) the Commission's Memorandum of Law in Support of its Emergency Application for an Order to Show Cause, Temporary Restraining Order, And Preliminary Injunction Including an Asset Freeze and Granting Other Relief.

Based on the foregoing documents, the Court **FINDS** that a proper showing, as required by Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and Rule 65 of the Federal Rules of Civil Procedure, has been made for the relief granted herein, for the following reasons:

1.     It appears from the evidence presented that:

(i) Defendant Mmobuosi has violated, and unless temporarily restrained will continue to violate, Securities Act Section 17(a); Exchange Act Sections 10(b), 13(b)(5), and 16(a) and Rules 10b-5, 13a-14, 13b2-1, 13b2-2, and 16a-3 thereunder; and Section 304 of the Sarbanes-Oxley Act of 2002; and has aided and abetted, and unless temporarily restrained, will continue to aid and abet Agri-Fintech's and/or Tingo Group's violations of Exchange Act Sections 13(a), 13(b)(2)(A), 13(b)(2)(B) and Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder;

(ii) Defendant Tingo Group has violated, and unless temporarily restrained will continue to violate, Securities Act Sections 17(a)(1) and (3), Exchange Act Sections 10(b) 13(a), 13(b)(2)(A) and 13(b)(2)(B), and Rules 10b-5, 12b-20, 13a-1, 13a-11, and 13a-13 thereunder; that Defendant Mmobuosi has aided and abetted, and unless temporarily restrained will continue to aid and abet, such violations; and, as to violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, that Defendant Mmobuosi is a controlling person under Section 20(a) who, unless temporarily restrained, will continue to induce such violations;

(iii) Defendant Agri-Fintech has violated, and unless temporarily restrained will continue to violate, Securities Act Section 17(a), Exchange Act Sections 10(b) 13(a), 13(b)(2)(A) and 13(b)(2)(B), and Rules 10b-5, 12b-20, 13a-1, 13a-11, and 13a-13 thereunder; that Defendant Mmobuosi has aided and abetted, and unless temporarily restrained will continue to aid and abet, such violations; and, as to violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, that Defendant Mmobuosi is a controlling person under Section 20(a) who, unless temporarily restrained, will continue to induce such violations; and

(iv) Defendant TIH has violated, and unless temporarily restrained will continue to violate, Securities Act Section 17(a), Exchange Act Section 10(b) and Rule 10b-5 thereunder; that Defendant Mmobuosi has aided and abetted, and unless temporarily restrained will continue to aid and abet, such violations; and, as to violations of the Exchange Act, that Defendant Mmobuosi is a controlling person under Section 20(a) who, unless temporarily restrained, will continue to induce such violations.

2.      It appears that Defendant Mmobuosi may attempt to dissipate, deplete, or transfer from the jurisdiction of this Court, funds, property, and other assets that could be subject to an

order of disgorgement (and prejudgment interest thereon) or an order imposing civil penalties. It appears that an order (i) freezing the assets of Mmobuosi, as specified herein; (ii) restraining Defendants TIH, Agri-Fintech and Tingo Group from directly or indirectly transferring money or property or issuing new shares of stock to Mmobuosi; and (iii) restraining Defendants from selling or otherwise disposing of their respective holdings of Tingo Group and/or Agri-Fintech stock—are necessary to preserve the status quo, to protect investors from further dissipation of assets, to protect this Court's ability to award relief in the form of disgorgement of ill-gotten gains (and prejudgment interest thereon) and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

3. It appears that an order directing Defendant Mmobuosi to repatriate assets to the United States is necessary to protect this Court's ability to award relief in the form of disgorgement of ill-gotten gains (and prejudgment interest thereon) and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

4. It appears that an order requiring Defendants to provide the Commission with a sworn accounting is necessary to ascertain the Defendants' true financial condition, and to locate additional assets for the benefit of investors.

5. It appears that an order prohibiting Defendants from destroying, altering, or concealing records of any kind, including documents concerning the allegations in the Complaint or the assets, finances, or business operations of Defendants, is necessary to ensure compliance with the asset freeze and other temporary restraints described in Paragraph 2 above, and to protect the integrity of this litigation and assure the parties can bring to the Court's attention all relevant evidence that could bear on the issues raised in this Application or in the case generally.

6. Good and sufficient reasons have been shown why procedure other than notice of motion is necessary, including those set forth in the Local Rule 6.1(d) of David Zetlin-Jones.

7. This Court has jurisdiction over the subject matter of this action and over Defendants and venue lies properly in this District.

**NOW, THEREFORE,**

**I.**

**IT IS HEREBY ORDERED** that Defendants show cause, if there be any, to this Court at a date and time to be determined ~~_____ __.m on the _____ day of _____, 202__~~, in Room 1105 of the Thurgood Marshall ~~Daniel Patrick Moynihan~~ United States Courthouse, ~~500 Pearl Street~~ 40 Centre Street, New York, NY 10007, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Securities Act Section 20(b) and Exchange Act Section 21(d)(1) preliminarily enjoining (i) Defendant Mmobuosi from violating Securities Act Section 17(a), Exchange Act Sections 10(b), 13(b)(5) and 16(a), and Rules 10b-5, 13a-14, 13b2-1, 13b2-2, and 16a-3 thereunder, and Section 304 of the Sarbanes-Oxley Act of 2002, and from aiding and abetting violations of Exchange Act Sections 13(a), 13(b)(2)(A), 13(b)(2)(B) and Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder; (ii) Defendant Tingo Group from violating, and Defendant Mmobuosi from aiding and abetting its violations of, Securities Act Section 17(a), Exchange Act Sections 10(b), 13(a), 13(b)(2)(A) and 13(b)(2)(B), and Rules 10b-5, 12b-20, 13a-1, 13a-11, and 13a-13 thereunder; (iii) Defendant Agri-Fintech from violating, and Defendant Mmobuosi from aiding and abetting its violations of, Securities Act Section 17(a), Exchange Act Sections 10(b) 13(a), 13(b)(2)(A) and 13(b)(2)(B), and Rules 10b-5, 12b-20, 13a-1, 13a-11, and 13a-13 thereunder; and (iv) Defendant TIH from violating, and Defendant Mmobuosi from aiding and abetting its violations of, Securities Act Section 17(a), Exchange Act Section 10(b) and Rule 10b-5 thereunder.

## II.

**IT IS FURTHER ORDERED** that Defendants show cause at that time to this Court why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, directing that, pending a final disposition of this action, (i) Defendant Mmobuosi—and each of his agents, servants, employees, and attorneys, and those persons or entities under his control or in active concert or participation with him who receive actual notice of this Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in this Order, or otherwise—hold and retain within their control and otherwise prevent any withdrawal, removal, transfer, encumbrance, assignment, pledge, alienation, dissipation, concealment, sale, payment, or any other disposal (including the use of any credit cards or any other incurring of debt) of any and all Mmobuosi Assets[1]; and (ii) any financial institution of any kind, including but not limited to any broker, dealer or bank, or any other person or entity holding Mmobuosi Assets that receives actual notice of this Order, hold and retain within its control and prohibit the withdrawal, removal or any other disposal of any such Mmobuosi Assets.

## III.

**IT IS FURTHER ORDERED** that Defendant Mmobuosi show cause at that time why this Court should not enter an Order directing that, within ten (10) business days, or within such extension of time as the Plaintiff agrees to, Mmobuosi repatriate all Assets obtained from the activities described in the Commission's Complaint that are now located outside the territorial limits

---

[1] For purposes of this Order, "Assets" includes assets, funds, or other property of any kind whatsoever (including money, virtual currency or other digital asset, real or personal property, tangible assets, securities, and/or commodities) in whatever form such assets may presently exist and wherever located.

"Mmobuosi Assets" as used in this Order shall include any Assets held or owned by, or under the control of, Defendant Mmobuosi, whether in his name or for his direct or indirect beneficial interest, whether held jointly or singly, and wherever located and in whatever form, including without limitation, Assets in the accounts listed on Schedule A of this Order.

8

of the United States, and that the Mmobuosi direct the return of such Assets to the Registry of the Court, pending conclusion of this matter.

## IV.

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court should not enter an Order directing Defendants (or a responsible officer thereof) to serve upon Plaintiff, within five (5) business days, or within such extension of time as the Plaintiff agrees to, a verified written accounting identifying all assets and liabilities currently held, directly or indirectly, by or for the benefit of Defendants and any other information necessary or sufficient to verify the nature, location, custody or amounts of such assets or liabilities, and identifying the use of all proceeds resulting from Defendants' sale or any other disposition of Agri-Fintech and/or Tingo Group stock. Defendants shall serve such sworn statement on Plaintiff's counsel, David Zetlin-Jones, by email sent to zetlinjonesj@sec.gov.

## V.

**IT IS FURTHER ORDERED**: that Defendants TIH, Agri-Fintech and Tingo Group show cause at that time why this Court should not also enter an Order, pending final disposition of this action, enjoining and restraining them, any of their subsidiaries, parents, affiliates, and any agents, servants, employees, attorneys-in-fact, entities under their control, and all persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in this Order, or otherwise, and each of them, from directly or indirectly transferring money or property—including Assets in the accounts listed in Schedule B to this Order—or issuing new shares of stock or securities to Mmobuosi and/or his agents, servants, employees, attorneys-in-fact, entities he controls, and all persons in active concert or participation with him.

## VI.

**IT IS FURTHER ORDERED** that Defendants show cause to the Court at that time, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining and restraining them from selling or otherwise disposing of their respective holdings of Tingo Group and/or Agri-Fintech stock.

## VII.

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court should not also enter an Order, pending the final disposition of this action, enjoining and restraining them, and any person or entity acting at the direction of or on behalf of either or both of them, from destroying, altering, or concealing all documents, books, and records that are in the possession, custody, or control of Defendants, their respective agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including documents that concern the allegations in the Complaint or Defendants' Assets, finances, or business operations.

## VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendants, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## IX.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendants, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## X.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, (i) Defendants Agri-Fintech and Tingo Group, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained

and enjoined from violating Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] thereunder, and (ii) Defendant Mmobuosi, his agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from aiding and abetting Agri-Fintech's violations of the such provisions—by filing with the Commission periodic reports with the Commission that contain materially false and misleading statements or that omit material facts necessary to make the statements therein not misleading.

## XI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendant Mmobuosi, and each of his agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-4] by certifying to the best of their knowledge as the principal executive officer and/or principal financial officer of an issuer with a class of securities registered pursuant to Exchange Act Section 12 [15 U.S.C. § 78l], that one or more of the issuer's periodic reports filed with the Commission contained no untrue statements of material fact or omissions of material fact while knowing or recklessly disregarding that the report or reports contain untrue statements of material fact or omissions of material fact.

## XII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, (i) Defendants Agri-Fintech and Tingo Group, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained

and enjoined from violating Exchange Act Sections 13(b)(2)(A) and 13(b)(2)(B) [15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(2)(A)] thereunder, and (ii) Defendant Mmobuosi, his agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from aiding and abetting Agri-Fintech's violations of such provisions—by failing to keep books records and accounts which, in reasonable detail, accurately and fairly reflect the transactions of the companies and dispositions of their assets and/or failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions are recorded as necessary to permit preparation of financial statements in conformity with GAAP.

## XIII.

**IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendant Mmobuosi, and each of his agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from violating Exchange Act Section 13(b)(5) [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by directly or indirectly falsifying, causing to be falsified, or knowingly falsifying any book record or account subject to Exchange Act Section 13(b)(2)(A) [17 U.S.C. § 78m(b)(2)(A)], and/or by knowingly circumventing or failing to implement a system of internal accounting controls.

## XIV.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendant Mmobuosi, and each of his agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by directly or indirectly:

(a) making or causing to be made materially false or misleading statements; and/or omitting to state or causing another person to omit to state, material facts necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with audits, reviews or examinations of financial statements of Agri-Fintech and Tingo Group or in the preparation or filing of Agri-Fintech's and Tingo Group's documents or reports required to be filed with the SEC; or

(b) taking action, or directing another to take an action, to coerce, manipulate, mislead, or fraudulently induce an independent public or certified public accountant engaged in the performance of an audit or review of Agri-Fintech's and Tingo Group's financial statements that were required to be filed with the Commission while he knows or should know that such action(s), if successful, could result in rendering Agri-Fintech and Tingo Group's financial statements materially misleading

## XV.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendant Mmobuosi, and each of his agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from violating Exchange Act Section 16(a) [15 U.S.C. § 78p(a)] and Rule 16a-3 [17 C.F.R. § 240.16a-3] thereunder by failing to timely and accurately file Forms 4 with the Commission containing the information required therein.

## XVI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendant Mmobuosi—and each of his agents, servants, employees, and

attorneys, and those persons or entities under his control or in active concert or participation with him who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in this Order, or otherwise—hold and retain within their control and otherwise prevent any withdrawal, removal, transfer, encumbrance, assignment, pledge, alienation, dissipation, concealment, sale, payment, or any other disposal (including the use of any credit cards or any other incurring of debt) of any and all Mmobuosi Assets (as defined Section II of this Order); and (b) any financial institution of any kind, including but not limited to any broker, dealer or bank, or any other person or entity holding Mmobuosi Assets that receives actual notice of this Order, hold and retain within its control and prohibit the withdrawal, removal or any other disposal of any such Mmobuosi Assets, which are hereby frozen.

## XVII.

**IT IS FURTHER ORDERED** that, pending a hearing and a determination of the Commission's Application, Defendants TIH, Agri-Fintech and Tingo Group, and any person or entity acting at the direction of or on behalf of any or all of them, be and hereby are enjoined and restrained from directly or indirectly transferring money or property—including Assets in the accounts listed in Schedule B to this Order—or issuing new shares of stock or securities to Mmobuosi and/or his agents, servants, employees, attorneys-in-fact, entities he controls, and all persons in active concert or participation with him.

## XVIII.

**IT IS FURTHER ORDERED** that, pending a hearing and a determination of the Commission's Application, Defendants be and hereby are enjoined and restrained from selling or otherwise disposing of their respective holdings of Tingo Group and/or Agri-Fintech stock.

## XIX.

**IT IS FURTHER ORDERED** that, pending a hearing and a determination of the Commission's Application, Defendants, and any person or entity acting at the direction of or on behalf of any or all of them, be and hereby are enjoined and restrained from destroying, altering, or concealing all documents, books, and records that are in the possession, custody, or control of Defendants, their respective agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including documents that concern the allegations in the Complaint or Defendants' Assets, finances, or business operations.

## XX.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon Defendants (or their attorney who agrees to accept service on their behalf) on or before December __19__, 2023, by email, personal delivery, facsimile, overnight courier, international express mail, or first-class mail and that a copy of this Order may be served at any time by any of the same means upon any bank, savings and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, asset custodian, digital asset exchange, title company, commodity trading company, storage company, or any other person, partnership, corporations, or legal entity that may be subject to any provision of this Order.  For purposes of notice to anyone in possession of documents, records, assets, funds, property, or property rights subject to this Order, actual notice of this Order shall be deemed complete upon notification by any means, including, but not limited to, notice from distribution by facsimile transmission or email.

## XXI.

~~**IT IS FURTHER ORDERED** that Defendants shall file and deliver any opposing papers in response to the Order to Show Cause no later than _____, 202__, at 5:00 p.m. Service shall be made by that date and time by emailing the papers to zetlinjonesj@sec.gov and~~

16

~~receiving a reply email confirming receipt or by sending the papers by overnight courier service to the New York Regional Office of the Commission at 100 Pearl Street, Suite 20-100, New York, New York 10004, Attn: David Zetlin-Jones, or such other place as counsel for the Commission may direct in writing. The Commission shall have until _____, 202\_\_, at 5:00 p.m., to file and serve, by the most expeditious means available, any reply papers upon Defendants or their counsel, if counsel shall have made an appearance in this action.~~

## XXII.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), this Order shall be, and is, binding upon Defendants and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, email, overnight courier, or otherwise.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

Issued at: \_\_\_5\_\_:\_\_15\_\_ \_p\_.m
December \_18\_, 2023
New York, New York

As discussed during the telephone conference held on the record, the parties shall promptly meet and confer and, no later than December 28, 2023, submit a joint letter addressing next steps, including but not limited to whether there is a need for any discovery in aid of the motion for a preliminary injunction; whether any hearing should be consolidated with trial on the merits; and a schedule, including a briefing schedule. In light of that, and the need for Defendants to clarify and confirm the status of their representation, the Court finds that there is good cause for the Temporary Restraining Order to remain in effect until a schedule is set for further proceedings on the motion for a preliminary injunction.

## Schedule A

| FINANCIAL INSTITUTION | NAME OF ACCOUNT | ACCOUNT NUMBER (Last 4 Digits) OR IDENTIFYING INFORMATION |
|---|---|---|
| EFG Private Bank Ltd. | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 3872 |
| EFG Bank AG | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 1505 |
| EFG International AG | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 1505 |
| EFG Bank AG | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 1203 |
| EFG International AG | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 1203 |
| Banking Circle SA | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 3853 |
| AF Payments Limited | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 9805 |
| AF Payments Limited | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 9908 |
| AF Payments Limited | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 9909 |
| Purse Money Platform | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 0349 |

## Schedule B

| FINANCIAL INSTITUTION | NAME OF ACCOUNT | ACCOUNT NUMBER (Last 4 Digits) |
|---|---|---|
| Citizens Bank | MICT, Inc. | 9804 |
| Citizens Bank | MICT, Inc. | 5447 |
| Bank Hapoalim | MICT, Inc. | 5009 |
| Bank Hapoalim International | Micronet Enertec Technologies Inc. | 7301 |
| Bank Hapoalim International | Micronet Enertec Technologies Inc. | 7303 |
| U.S. Bank | Tingo Group Holdings, LLC | 6883 |
| U.S. Bank | Tingo, Inc. | 3973 |
| J.P. Morgan | Tingo International Holdings, LLC | 1803 |
| J.P. Morgan | Tingo International Holdings, LLC | 1987 |
| J.P. Morgan | Tingo International Holdings, LLC | 5995 |
| UBA | Tingo Mobile PLC | 0468 |
| UBA | Tingo Mobile PLC | 0451 |
| UBA | Tingo Mobile PLC | 0499 |
| UBA | Tingo Mobile PLC | 6090 |
| UBA | Tingo Foods PLC | 4048 |
| UBA | Tingo Foods PLC | 8292 |
| UBA | Tingo Mobile Ghana | 3503 |
| UBA | Tingo Media Limited | 3069 |
| UBA | Tingo Media Limited | 2974 |
| Guaranty Trust Bank | Tingo Mobile PLC | 6905 |
| Keystone Bank | Tingo Mobile PLC | 6444 |
| Keystone Bank | Tingo Foods PLC | 7623 |
| Lotus Bank | Tingo Mobile PLC | 8304 |
| Lotus Bank | Tingo Foods PLC | 4849 |
| TD Bank | Tingo Canada Corporation | 4352 |
| Mercury Technologies, Inc. | Tingo Mobile LLC | 0394 |
| Mercury Advisory, LLC | Tingo Mobile LLC | 0394 |
| Evolve Bank & Trust | Tingo Mobile LLC | 0394 |