

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

January 24, 2024

**VIA ECF**

The Honorable Judge Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    <u>SEC v. Mmobuosi, et al.</u>, No. 23 Civ. 10928 (JMF)

Dear Judge Furman:

    Plaintiff Securities and Exchange Commission (the "SEC") and Defendants respectfully submit this letter to update the Court following the December 18, 2023 teleconference in the above-referenced matter (the "Hearing") and the parties' December 28, 2023 and January 10, 2024 status letters.

    As directed, counsel for the SEC has continued its attempts to confer with counsel appearing on behalf of the Defendants at the Hearing ("Defense Counsel") regarding the need for discovery and a proposed schedule in advance of a preliminary injunction hearing, if any. Defense Counsel advised that Defendants need additional time to work through the representation issues described to the Court at the Hearing and in the prior status letters. Defendants have requested an additional ten days to continue working through the funding and representation issues, and Defendants consent to an extension of the Temporary Restraining Order (Dkt. No. 14) while counsel continues to work through these issues. See Fed. R. Civ. P. 65(b)(2).

    The SEC does not object to Defendants' extension request, given their consent to the continuation of the Temporary Restraining Order. The SEC writes separately, however, to note its belief that Defendants' funding and representation issues are unlikely to resolve within the requested ten-day extension period based on information recently disclosed by Defense Counsel. Defense Counsel's extension requests have been due to funding issues contingent upon the release of funds Defense Counsel has been advised are (i) on deposit in accounts at a bank in Nigeria in the name of certain Tingo Group, Inc. subsidiaries, but the bank has restricted access to the accounts after learning of this action pending an ongoing investigation, and (ii) are being held by certain customers and cooperatives, at least temporarily. However, Defense Counsel informed the SEC that the Company recently obtained a summary bank statement for a Tingo Foods account directly from a different Nigerian bank that reports activities and balances that are inconsistent with those reported

Hon. Jesse M. Furman
January 24, 2024
Page 2

in monthly statements Defense Counsel previously received from the Company and provided the SEC. Defense Counsel has also reported difficulties the Company has had in obtaining documents directly from other Nigerian banks where other Tingo Group, Inc. subsidiaries purportedly maintained bank accounts, and a lack of cooperation from certain employees of the Tingo Group, Inc.'s subsidiaries in Nigeria.

The SEC stands ready to proceed with this enforcement action and believes there is a compelling public interest in moving this case towards resolution of both the preliminary and final relief requested. Defense Counsel's inability to confer regarding a discovery plan and a schedule for a preliminary injunction hearing (if any) has, to date, delayed the SEC's efforts to expeditiously litigate its claims.[1] Given the SEC's belief that resolution of the Defendants' funding issues will not be resolved imminently, the SEC has advised Defense Counsel that it will not assent to further extension requests, and instead requests that the Court enter a schedule for further proceedings on a motion for a preliminary injunction, should Defendants' inability to retain counsel persist beyond their requested February 7 deadline. Defense Counsel does not object to the SEC's request.

In light of the above, the parties respectfully request that the Court set a new deadline of February 7, 2024 for their proposal of a discovery and briefing schedule in advance of any preliminary injunction hearing, that the Temporary Restraining Order remain in place in the interim, and that the Court enter a schedule for further proceedings if Defendants are unable to clarify and confirm the status of their representation by February 7, 2024.

Respectfully submitted,

/s/ David Zetlin-Jones / Michael S. DiBattista
David Zetlin-Jones / Michael S. DiBattista
Counsel to SEC

/s/ Robert Horwitz / Kenneth Denos
Robert Horwitz / Kenneth Denos
On Behalf of Defendants

cc: Counsel of record (by ECF)
    Robert Horowitz (HorowitzR@gtlaw.com)
    Kenneth Denos (kdenos@denoslaw.com)

---

[1] As the SEC has informed Defense Counsel, the SEC intends to continue investigating individuals and entities not named as Defendants in the Complaint in this matter arising from the same conduct, including by issuing investigative subpoenas for documents and testimony and by gathering information provided on a voluntary basis. The pendency of this enforcement action and the parties' conferral concerning a discovery plan does not prevent the SEC from continuing its investigation as to nonparties. *See, e.g. Bowles v. Bay of N.Y. Coal & Supply Corp.*, 152 F.2d 330, 331 (2d Cir. 1945) (noting the "settled" principle that "the rules of civil procedure do not apply to restrict or control administrative subpoenas").