UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>-against-<br><br>MMOBUOSI ODOGWU BANYE (a/k/a DOZY MMOBUOSI), TINGO GROUP, INC., AGRI-FINTECH HOLDINGS, INC. (f/k/a TINGO INC.), and TINGO INTERNATIONAL HOLDINGS, INC.,<br><br>      Defendants. | 23 Civ. 10928 (JMF) |

### [PROPOSED] ORDER IMPOSING PRELIMINARY INJUNCTION AND OTHER RELIEF

**WHEREAS** Plaintiff Securities and Exchange Commission (the "Commission") filed this action on December 18, 2023 against Defendants Mmobuosi Odogwu Banye (a/k/a Dozy Mmobuosi ("Mmobuosi"), Tingo Group, Inc. (former Ticker: TIO. Current Ticker: TIOG) ("Tingo Group"), Agri-Fintech Holdings, Inc., f/k/a Tingo, Inc. (Ticker: TMNA) ("Agri-Fintech"), and Tingo International Holdings, Inc. ("TIH") (collectively, "Defendants");

**WHEREAS** the Commission filed an emergency application for an order to show cause, temporary restraining order, and preliminary injunction including an asset freeze on December 18, 2023 (the "Emergency Application");

**WHEREAS** Defendants were ordered to file any opposing papers in response to the Commission's Emergency Application no later than March 8, 2024.  *See* Dkt. No. 39;

**WHEREAS** the Defendants have failed to file any opposing papers in opposition to the Commission's Emergency Action and have failed to show cause why a Preliminary Injunction should not be entered;

**WHEREAS** the Court has subject matter jurisdiction over this action pursuant to Section 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77v(a)] and Section 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78aa];

**WHEREAS** venue is proper in this District pursuant to Securities Act Section 22(a) [15 U.S.C. § 77v(a)] and Exchange Act Section 27 [15 U.S.C. § 78aa];

**WHEREAS** the Court has considered the record on the Commission's unopposed Emergency Application and finds that, based upon that record, the Commission has made a proper showing, as required by Securities Act Section 20(b), Exchange Act Section 21(d)(1), and Rule 65 of the Federal Rules of Civil Procedure for the relief set forth herein;

**NOW, THEREFORE,**

### I.

**IT IS HEREBY ORDERED** that, pending final disposition of this action, Defendants, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendants, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, (i) Defendants Agri-Fintech and Tingo Group, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from violating Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§

240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] thereunder, and (ii) Defendant Mmobuosi, his agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from aiding and abetting Agri-Fintech's violations of the such provisions—by filing with the Commission periodic reports with the Commission that contain materially false and misleading statements or that omit material facts necessary to make the statements therein not misleading.

IV.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendant Mmobuosi, and each of his agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-4] by certifying to the best of their knowledge as the principal executive officer and/or principal financial officer of an issuer with a class of securities registered pursuant to Exchange Act Section 12 [15 U.S.C. § 78l], that one or more of the issuer's periodic reports filed with the Commission contained no untrue statements of material fact or omissions of material fact while knowing or recklessly disregarding that the report or reports contain untrue statements of material fact or omissions of material fact.

V.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, (i) Defendants Agri-Fintech and Tingo Group, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from violating Exchange Act Sections 13(b)(2)(A) and 13(b)(2)(B) [15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(2)(A)] thereunder, and (ii) Defendant Mmobuosi, his agents, servants, employees, and attorneys, and those persons in active

concert or participation with him who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from aiding and abetting Agri-Fintech's violations of such provisions—by failing to keep books records and accounts which, in reasonable detail, accurately and fairly reflect the transactions of the companies and dispositions of their assets and/or failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions are recorded as necessary to permit preparation of financial statements in conformity with GAAP.

## VI.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendant Mmobuosi, and each of his agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from violating Exchange Act Section 13(b)(5) [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by directly or indirectly falsifying, causing to be falsified, or knowingly falsifying any book record or account subject to Exchange Act Section 13(b)(2)(A) [17 U.S.C. § 78m(b)(2)(A)], and/or by knowingly circumventing or failing to implement a system of internal accounting controls.

## VII.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendant Mmobuosi, and each of his agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by directly or indirectly:

    (a) making or causing to be made materially false or misleading statements; and/or omitting to state or causing another person to omit to state, material facts necessary in order to

make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with audits, reviews or examinations of financial statements of Agri-Fintech and Tingo Group or in the preparation or filing of Agri-Fintech's and Tingo Group's documents or reports required to be filed with the SEC; or

(b) taking action, or directing another to take an action, to coerce, manipulate, mislead, or fraudulently induce an independent public or certified public accountant engaged in the performance of an audit or review of Agri-Fintech's and Tingo Group's financial statements that were required to be filed with the Commission while he knows or should know that such action(s), if successful, could result in rendering Agri-Fintech and Tingo Group's financial statements materially misleading.

## VIII.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendant Mmobuosi, and each of his agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from violating Exchange Act Section 16(a) [15 U.S.C. § 78p(a)] and Rule 16a-3 [17 C.F.R. § 240.16a-3] thereunder by failing to timely and accurately file Forms 4 with the Commission containing the information required therein..

## IX.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, (i) Defendant Mmobuosi—and each of his agents, servants, employees, and attorneys, and those persons or entities under his control or in active concert or participation with him who receive actual notice of this Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in this Order, or otherwise—shall hold and retain within their control and

otherwise prevent any withdrawal, removal, transfer, encumbrance, assignment, pledge, alienation, dissipation, concealment, sale, payment, or any other disposal (including the use of any credit cards or any other incurring of debt) of any and all Mmobuosi Assets[1]; and (ii) any financial institution of any kind, including but not limited to any broker, dealer or bank, or any other person or entity holding Mmobuosi Assets that receives actual notice of this Order, shall hold and retain within its control and prohibit the withdrawal, removal or any other disposal of any such Mmobuosi Assets.

### X.

**IT IS FURTHER ORDERED** that, within ten (10) business days, or within such extension of time as the Plaintiff agrees to, Defendant Mmobuosi shall repatriate all Assets obtained from the activities described in the Commission's Complaint that are now located outside the territorial limits of the United States, and that Defendant Mmobuosi direct the return of such Assets to the Registry of the Court, pending conclusion of this matter.

### XI.

**IT IS FURTHER ORDERED** Defendants (or a responsible officer thereof) serve upon Plaintiff, within five (5) business days, or within such extension of time as the Plaintiff agrees to, a verified written accounting identifying all assets and liabilities currently held, directly or indirectly, by or for the benefit of Defendants and any other information necessary or sufficient to verify the nature, location, custody or amounts of such assets or liabilities, and identifying the use of all proceeds resulting from Defendants' sale or any other disposition of Agri-Fintech and/or Tingo

---

[1] For purposes of this Order, "Assets" includes assets, funds, or other property of any kind whatsoever (including money, virtual currency or other digital asset, real or personal property, tangible assets, securities, and/or commodities) in whatever form such assets may presently exist and wherever located.

"Mmobuosi Assets" as used in this Order shall include any Assets held or owned by, or under the control of, Defendant Mmobuosi, whether in his name or for his direct or indirect beneficial interest, whether held jointly or singly, and wherever located and in whatever form, including without limitation, Assets in the accounts listed on Schedule A of this Order.

Group stock. Defendants shall serve such sworn statement on Plaintiff's counsel, David Zetlin-Jones, by email sent to zetlinjonesj@sec.gov.

## XII.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendants TIH, Agri-Fintech and Tingo Group, and any person or entity acting at the direction of or on behalf of any or all of them, are enjoined and restrained from directly or indirectly transferring money or property—including Assets in the accounts listed in Schedule B to this Order—or issuing new shares of stock or securities to Defendant Mmobuosi and/or his agents, servants, employees, attorneys-in-fact, entities he controls, and all persons in active concert or participation with him..

## XIII.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendants are enjoined and restrained from selling or otherwise disposing of their respective holdings of Tingo Group and/or Agri-Fintech stock.

## XIV.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendants, and any person or entity acting at the direction of or on behalf of any or all of them, are enjoined and restrained from destroying, altering, or concealing all documents, books, and records that are in the possession, custody, or control of Defendants, their respective agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including documents that concern the allegations in the Complaint or Defendants' Assets, finances, or business operations.

## XV.

**IT IS FURTHER ORDERED** that a copy of this Order be served upon Defendants (or their attorney who agrees to accept service on their behalf) on or before March ___, 2024, by email, personal delivery, facsimile, overnight courier, international express mail, or first-class mail and that a

copy of this Order may be served at any time by any of the same means upon any bank, savings and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, asset custodian, digital asset exchange, title company, commodity trading company, storage company, or any other person, partnership, corporations, or legal entity that may be subject to any provision of this Order.  For purposes of notice to anyone in possession of documents, records, assets, funds, property, or property rights subject to this Order, actual notice of this Order shall be deemed complete upon notification by any means, including, but not limited to, notice from distribution by facsimile transmission or email.

## XVI.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), this Order shall be, and is, binding upon Defendants and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, email, overnight courier, or otherwise.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

Issued at:       _____: \_\_\_\_\_ \_\_.m
             March \_\_\_, 2024
             New York, New York

## Schedule A

| FINANCIAL INSTITUTION | NAME OF ACCOUNT | ACCOUNT NUMBER (Last 4 Digits) OR IDENTIFYING INFORMATION |
|---|---|---|
| EFG Private Bank Ltd. | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 3872 |
| EFG Bank AG | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 1505 |
| EFG International AG | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 1505 |
| EFG Bank AG | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 1203 |
| EFG International AG | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 1203 |
| Banking Circle SA | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 3853 |
| AF Payments Limited | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 9805 |
| AF Payments Limited | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 9908 |
| AF Payments Limited | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 9909 |
| Purse Money Platform | Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi | 0349 |

## Schedule B

| FINANCIAL INSTITUTION | NAME OF ACCOUNT | ACCOUNT NUMBER (Last 4 Digits) |
|---|---|---|
| Citizens Bank | MICT, Inc. | 9804 |
| Citizens Bank | MICT, Inc. | 5447 |
| Bank Hapoalim | MICT, Inc. | 5009 |
| Bank Hapoalim International | Micronet Enertec Technologies Inc. | 7301 |
| Bank Hapoalim International | Micronet Enertec Technologies Inc. | 7303 |
| U.S. Bank | Tingo Group Holdings, LLC | 6883 |
| U.S. Bank | Tingo, Inc. | 3973 |
| J.P. Morgan | Tingo International Holdings, LLC | 1803 |
| J.P. Morgan | Tingo International Holdings, LLC | 1987 |
| J.P. Morgan | Tingo International Holdings, LLC | 5995 |
| UBA | Tingo Mobile PLC | 0468 |
| UBA | Tingo Mobile PLC | 0451 |
| UBA | Tingo Mobile PLC | 0499 |
| UBA | Tingo Mobile PLC | 6090 |
| UBA | Tingo Foods PLC | 4048 |
| UBA | Tingo Foods PLC | 8292 |
| UBA | Tingo Mobile Ghana | 3503 |
| UBA | Tingo Media Limited | 3069 |
| UBA | Tingo Media Limited | 2974 |
| Guaranty Trust Bank | Tingo Mobile PLC | 6905 |
| Keystone Bank | Tingo Mobile PLC | 6444 |
| Keystone Bank | Tingo Foods PLC | 7623 |
| Lotus Bank | Tingo Mobile PLC | 8304 |
| Lotus Bank | Tingo Foods PLC | 4849 |
| TD Bank | Tingo Canada Corporation | 4352 |
| Mercury Technologies, Inc. | Tingo Mobile LLC | 0394 |
| Mercury Advisory, LLC | Tingo Mobile LLC | 0394 |
| Evolve Bank & Trust | Tingo Mobile LLC | 0394 |