UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          -against-<br><br>MMOBUOSI ODOGWU BANYE (a/k/a DOZY MMOBUOSI), TINGO GROUP, INC., AGRI-FINTECH HOLDINGS, INC. (f/k/a TINGO INC.), and TINGO INTERNATIONAL HOLDINGS, INC.,<br><br>                    Defendants, | 1:23-cv-10928 (JMF) |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ALTERNATIVE SERVICE**

David Zetlin-Jones
Michael S. DiBattista
Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Ste. 20-100
New York, NY 10004
(212) 336-0978 (Zetlin-Jones)
zetlinjonesj@sec.gov

*Attorneys for Plaintiff*

May 10, 2024

# TABLE OF CONTENTS

**FACTUAL AND PROCEDURAL HISTORY** ...................................................................................... 1

**ARGUMENT** .................................................................................................................................. 4

I. ALTERNATIVE SERVICE IS PERMITTED BY FED. R. CIV. P. 4(f)(3) ..................................... 5

II. ALTERNATIVE SERVICE OF MMOBUOSI IS PERMISSIBLE UNDER FEDERAL RULE 4(f) AND INTERNATIONAL LAW .................................................................................................. 6

III. SERVICE ON MMOBUOSI BY EMAIL AND WHATSAPP AND THROUGH HIS COUNSEL IS APPROPRIATE AND CONSISTENT WITH DUE PROCESS ..................... 7

**CONCLUSION** ............................................................................................................................. 11

**TABLE OF AUTHORITIES**

**Cases**

*Adv. Access Content Sys. Licensing Adm., LLC v. Lanny Shen*, 2018 WL 4757939 (S.D.N.Y. Sept. 30, 2018) ........... 7

*Advanced Aerofoil Techs., AG v. Todaro*, 2012 WL 299959 (S.D.N.Y. Jan. 31, 2012) ........................................ 5, 8

*Cengage Learning, Inc. v. Xuhong Wang*, 2017 WL 11570668 (S.D.N.Y Sept. 14, 2017) ............................................ 7

*CKR Law LLP v. Anderson Invs. Int'l, LLC*, 525 F. Supp. 3d 518 (S.D.N.Y. Mar. 12, 2021) ................................... 7

*Google LLC v. Starovikov*, 2022 WL 16948296 (S.D.N.Y. Sept. 30, 2022) ................................................................. 7-8

*In re Terrorist Attacks on September 11, 2001*, 2023 WL 2966563 (S.D.N.Y. Apr. 17, 2023) ................................... 10

*Kumar v. Alhunaif*, 2023 WL 8527671 (S.D.N.Y. Dec. 8, 2023) ........................................................................... 5, 7, 8

*Kyjen Co., LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships & Unincorporated Ass'ns Identified on Schedule A to the Complaint*, 2023 WL 2395988 (S.D.N.Y. Mar. 7, 2023) ........................................................... 6

*Luessenhop v. Clinton Cnty.*, 466 F.3d 259 (2d Cir. 2006) ......................................................................................... 7

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106 (S.D.N.Y. 2010) ................................. 6, 9

*Rio Props., v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) .............................................................................. 5, 7

*SEC v. Anticevic*, 2009 WL 361739 (S.D.N.Y. Feb. 13, 2009) ............................................................................ 5, 6, 8

*Smith v. Islamic Emirate of Afg.*, 2001 WL 1658211 (S.D.N.Y. Dec. 26, 2001) ........................................................... 5

*Wash. State Inv. Bd. v. Odebrecht S.A.*, 2018 WL 6253877 (S.D.N.Y. Sept. 21, 2018) ......................................... 5, 7, 9

**Rules**

Fed. R. Civ. P. 4 ........................................................................................................................................................... 5

**Authorities**

Wright & Miller, 4B Fed. Prac. & Proc. Civ. § 1134 (4th ed. 2022) ........................................................................... 5

Plaintiff Securities and Exchange Commission ("SEC") respectfully moves this Court for an order granting it authorization to effect service by alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3) on Defendant Mmobuosi Odogwu Banye, a/k/a Dozy Mmobuosi ("Mmobuosi"). The SEC requests the Court's leave to serve Mmobuosi via email addresses and WhatsApp addresses he is known to have recently used, and through counsel he retained to represent him in connection with the SEC's action. For the reasons detailed below, and in the accompanying Declarations of Matthew Grenier and Michael DiBattista, the SEC respectfully requests that the Court grant its motion and permit it to effect service on Mmobuosi by the means requested.

## FACTUAL AND PROCEDURAL HISTORY

On December 18, 2023, the SEC filed its Complaint (Dkt. 1) and an application for a temporary restraining order (Dkt. 5) against Mmobuosi and the Tingo entities that he has, at various times, owned and/or controlled. As alleged, Mmobuosi perpetrated a massive, multi-year fraud on investors and public markets by falsifying financial statements to fraudulently portray companies he founded and ran as wildly successful when they were not. Mmobuosi used this artifice to induce the sale of these entities to two publicly listed companies at vastly inflated values, thereby accessing the U.S. public markets, and profiting from his scheme by misappropriating assets from these public entities and engaging in undisclosed insider sales of their stock at the inflated values created by his lies. (*See* Dkt. 1.)

The same day the SEC filed its action, the Court granted its request for a temporary restraining order over the objection of counsel who was present on behalf of the Defendants—the same counsel who represented Defendants Tingo Group and Mmobuosi in the investigation that preceded the enforcement action ("Investigation Counsel"). (Dkt. 14.) The Court extended the temporary restraining order on consent multiple times over the following weeks while Investigation

Counsel worked to resolve certain funding and other issues related to their prospective appearance on Defendants' behalf. (Dkts. 21, 28, 36.)

During this time, SEC counsel stayed in regular contact with Investigative Counsel and with Ken Denos ("Denos"), General Counsel for Defendant Agri-Fintech Holdings Inc. ("Agri-Fintech") and, at the time, acting CEO of Defendant Tingo Group, Inc. ("Tingo Group"), concerning the status of the Defendants' representation and whether Investigative Counsel would appear and/or accept service of the summons and Complaint on behalf of any or all the Defendants. During these conferrals, Tingo Group, Inc. and Agri-Fintech agreed to waive service (Dkts. 34-35), but Investigative Counsel stated that they would not appear in connection with the SEC's action and were not authorized to accept or waive service on behalf of Defendants Mmobuosi or Tingo International Holdings, Inc. ("TIH"). Upon learning this information, SEC counsel promptly effected service on TIH, a domestic corporation, through its statutory agent. (Dkt. 37.) Since then, Tingo Group, Agri-Fintech, and TIH have all failed to answer the Complaint within the time allowed by Federal Rules of Civil Procedure 4 and 12.

To date, however, SEC counsel has been unable to serve Mmobuosi with its summons and Complaint because Mmobuosi has fled his permanent residence in the United Kingdom and is believed to be presently residing in Nigeria at a location unknown to the SEC—presumably to evade arrest on an indictment filed in a parallel criminal proceeding. On January 2, 2024, the United States Attorney's Office for the Southern District of New York ("USAO-SDNY") announced the unsealing of an indictment against Mmobuosi. *U.S. v. Mmobuosi*, No. 23-cr-601 (S.D.N.Y.). The USAO-SDNY press release announcing the charges against Mmobuosi stated that he "is still at large." DiBattista Decl. Ex. 1. Since the filing of the SEC's Complaint, Mmobuosi has addressed this action and the criminal action in several media interviews from Nigeria and has apparently not returned to his residence in the United Kingdom. *Id.* at ¶¶ 10–16; *id.* Exs. 2–6.

As detailed in the accompanying Declaration of Matthew Grenier, Nigeria is not a signatory to the Hague Service Convention and there are no other internationally agreed means to effect service on individuals residing there. Grenier Decl. ¶ 6. The customary means of international service through letters rogatory in Nigeria would entail inordinate difficulty and delay (of at least a year) and would be futile in any event without a known physical address for Mmobuosi in Nigeria. *Id.* ¶¶ 7–10. Despite diligent efforts—including conducting public record and news searches, communicating with law enforcement partners, and making inquiries of associates and counsel known to be in ongoing contact with Mmobuosi—SEC counsel has been unable to determine Mmobuosi's current address. DiBattista Decl. ¶¶ 17–31.

SEC counsel has confirmed, however, that Mmobuosi readily accesses and uses his email and WhatsApp while a fugitive in Nigeria. During the SEC's conferrals with Denos, Denos reported being in regular contact with Mmobuosi via Mmobuosi's WhatsApp account. *Id.* ¶ 7. Denos learned from those discussions that Mmobuosi was considering retaining three law firms to represent him in this action—Kasowitz Benson Torres LLP, Amsterdam & Partners LLP ("Amsterdam"), and Agnifilo Intrater LLP ("Agnifilo")—and he relayed that information to SEC counsel. *Id.* ¶¶ 18, 20. SEC counsel in turn reached out to the identified attorneys from each of those firms, who all confirmed that they were in ongoing discussions with Mmobuosi concerning potentially representing Mmobuosi. *Id.* ¶¶ 19, 21, 23–25, 26, 32.

Each of these three prospective counsel for Mmobuosi declined to respond to SEC counsel's request for a current address for Mmobuosi. *Id.* ¶ 30.[1] Each also informed SEC counsel that Mmobuosi had not authorized them to accept or waive service of the summons and Complaint on his behalf. *Id.* ¶¶ 26, 32. Accordingly, on March 6, 2024, the SEC emailed Mmobuosi at an email

---

[1] The SEC also requested that Denos provide an address for Mmobuosi. Denos did not respond to the SEC's inquiry. DiBattista Decl. ¶ 29.

3

address he is known to be using (with notice to all his prospective counsel) a request to waive service; the SEC received no response. *Id.* ¶ 27. On March 11, 2024, the SEC emailed Mmobuosi at the same addresses (copying all his prospective counsel) and requested a current address. *Id.* ¶ 28. On March 12, 2024, the SEC emailed Mmobuosi at the same addresses (again copying all his prospective counsel) the Court's March 11, 2024 Orders imposing a preliminary injunction and providing the SEC until May 24, 2024 to serve Mmobuosi (Dkts. 44-45); the SEC again received no response. DiBattista Decl. ¶ 31.

Last Friday, May 3, 2024, counsel from Amsterdam and Agnifilo informed the SEC that they had finalized their engagement with Mmobuosi to represent him in this matter. *Id.* ¶ 33. Despite now being formally retained to represent Mmobuosi here, counsel has not filed an appearance on his behalf, and they informed SEC counsel that they were not authorized to accept or waive service on Mmobuosi's behalf. *Id.* ¶¶ 33–39. Yesterday, they informed SEC counsel that following a conversation with Mmobuosi earlier this week, they still will not accept or waive service on their client's behalf. *Id.*

## ARGUMENT

As discussed below, service on Mmobuosi via letters rogatory in Nigeria would be dilatory and futile. The Court should—in its discretion—order alternative service via (a) Mmobuosi's current and active email addresses (dozy.mmobuosi@tingoinc.com and dozy.mmobuosi@gmail.com) and WhatsApp accounts (447424634920@s.whatsapp.net and 447538504933@s.whatsapp.net), and (b) service on Mmobuosi's current counsel, both of which are consistent with the Federal Rules of Civil Procedure and the Fifth Amendment's Due Process Clause and reasonably calculated to provide notice to Mmobuosi.

## I. ALTERNATIVE SERVICE IS PERMITTED BY FED. R. CIV. P. 4(f)(3)

Rule 4(f) of the Federal Rules of Civil Procedure provides that a plaintiff may effect service of process on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3). The Rule was "adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *Smith v. Islamic Emirate of Afg.*, No. 01 Civ. 10132 (HB), 2001 WL 1658211, at *2 (S.D.N.Y. Dec. 26, 2001). Although Rule 4(f) prescribes other methods of serving an individual in a foreign country, alternative service of process under Rule 4(f)(3) is "neither a last resort nor extraordinary relief.  It is merely one means among several which enables service of process on an international defendant." *Advanced Aerofoil Techs., AG v. Todaro*, No. 11 Civ. 9505 (ALC), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) (quoting *Rio Props., v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)); *accord* Wright & Miller, 4B Fed. Prac. & Proc. Civ. § 1134 (4th ed. 2022) (alternative service "is not a disfavored process and should not be considered extraordinary relief").

Pursuant to the Rule, "a Court may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *SEC v. Anticevic*, No. 05 CV 6991 (KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) (citations omitted). When no international agreement applies, "the Court considers whether the proposed service methods are sufficient to satisfy constitutional due process. . . ." *Kumar v. Alhunaif*, No. 23-CV-321 (DEH), 2023 WL 8527671, at *3 (S.D.N.Y. Dec. 8, 2023).

"Ultimately, the decision of 'whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court.'" *Wash. State Inv. Bd. v. Odebrecht S.A.*, No. 17 Civ. 8118 (PGG), 2018 WL 6253877, at *3 (S.D.N.Y. Sept. 21, 2018) (quoting

5

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010)). "A plaintiff is *not* required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)." *Anticevic*, 2009 WL 361739, at *3 (emphasis in original).

## II. ALTERNATIVE SERVICE OF MMOBUOSI IS PERMISSIBLE UNDER FEDERAL RULE 4(f) AND INTERNATIONAL LAW

As detailed in the DiBattista Declaration, all available information shows that Mmobuosi is likely currently located in Nigeria, where he has been since shortly before the USAO-SDNY unsealed criminal charges against him. DiBattista Decl. ¶¶ 9–17. And as discussed in the Greiner Declaration, Nigeria is not a signatory to the Hague Service Convention and there are no other bilateral agreements regarding service between the United States and Nigeria. Greiner Decl. ¶ 6. Nor are there any applicable international agreements that would prohibit service of a defendant in Nigeria via email or WhatsApp or through counsel that has been retained expressly to represent him in this litigation. *Id.* ¶ 6. Thus, by the express terms of Rule 4(f)(3), the Court may order service by alternative means.

Even if Mmobuosi is not currently resident in Nigeria—despite all evidence to the contrary—his present address is unknown. Multiple Courts in this Circuit have concluded that "the Hague Convention does not apply . . . where the address of the person to be served with the document is not known to the party serving process," and that an address is considered unknown if "the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Kyjen Co., LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships & Unincorporated Ass'ns Identified on Schedule A to the Complaint*, No. 23 Civ. 612 (JHR), 2023 WL 2395988, at *2 (S.D.N.Y. Mar. 7, 2023) (internal quotation marks and citations omitted). The reasonable diligence standard is met when the plaintiff attempts multiple methods of contact and is unsuccessful. *See Kumar*, 2023 WL 8527671, at *3. The SEC's efforts, described above and in the accompanying declaration of Michael DiBattista, more than satisfy the reasonable diligence required.

*See* DiBattista Decl. ¶¶ 9–39 (detailing the SEC's efforts to determine Mmobuosi's current location, including, *inter alia*, multiple requests of Mmobuosi and his known associates to provide his address and/or accept or waive service, conducting public record and news searches, and communicating with law enforcement partners to determine Mmobuosi's current whereabouts).

### III. SERVICE ON MMOBUOSI BY EMAIL AND WHATSAPP AND THROUGH HIS COUNSEL IS APPROPRIATE AND CONSISTENT WITH DUE PROCESS

"A proposed method of service comports with constitutional notions of due process when it is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Kumar*, 2023 WL 8527671, at *3 (quoting *Luessenhop v. Clinton Cnty.*, 466 F.3d 259, 269 (2d Cir. 2006)).

"[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Props.* 284 F.3d at 1016. Indeed, judges within the Southern District of New York often permit alternative service by email, text message, WhatsApp, and through counsel pursuant to Rule 4(f)(3). *See, e.g.*, *Kumar*, 2023 WL 8527671, at *4–6 (concluding that "courts in this District have routinely allowed service by email" and permitting a "multi-prong service plan" to include service by email, text message, WhatsApp, and through social media); *CKR Law LLP v. Anderson Invs. Int'l, LLC*, 525 F. Supp. 3d 518, 527 (S.D.N.Y. Mar. 12, 2021) (permitting service of individuals and corporation located in Nevis and Dubai via email and WhatsApp); *Adv. Access Content Sys. Licensing Adm., LLC v. Lanny Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *6 (S.D.N.Y. Sept. 30, 2018) (permitting service of an individual in China via email); *Cengage Learning, Inc. v. Xuhong Wang*, No. 17 Civ. 4914 (JFK), 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017) (permitting service of individuals in China and unknown locations via email); *Odebrecht S.A.*, 2018 WL 6253877, at *6–9 (permitting service on U.S. counsel for Brazilian entity

7

instead of requiring plaintiffs to engage in lengthy letters rogatory process); *see also Google LLC v. Starovikov*, No. 21 Civ. 10260 (DLC), 2022 WL 16948296, at *9–12 (S.D.N.Y. Sept. 30, 2022) (granting default judgment over objections from defendants regarding sufficiency of service, concluding that service by text message, email, WhatsApp message, and publication were reasonably calculated to reach defendants). Even "[s]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Kumar*, 2023 WL 8527671, *4 (citation omitted).

In this case, the SECs' request to serve Mmobuosi via two email addresses and through WhatsApp messages to two phone numbers, as well as through his counsel, is appropriate and reasonably calculated to provide Mmobuosi with notice of this action. Such alternative service is appropriate because Mmobuosi has acted to obfuscate his present address and avoid service through traditional means. As discussed in the DiBattista Declaration, Mmobuosi fled his permanent residence in the United Kingdom for Nigeria shortly after the SEC filed the Complaint and shortly before the USAO-SDNY unsealed its criminal indictment against him. DiBattista Decl. ¶¶ 9–17; *id.* Ex. 1. Based on available information, Mmobuosi remains in Nigeria, though his precise whereabouts are unknown, *id.* ¶¶ 10–17, rendering any attempts to serve him through personal service or postal channels futile, Greiner Decl. ¶¶ 9–10. And Mmobuosi has declined to respond to the SEC's direct and indirect requests for a current address and/or waiver of service, and instructed his counsel to not accept or waive service on his behalf. DiBattista Decl. ¶¶ 27–30, 33–39.

In addition, although alternative service is "merely one means among several which enables service of process on an international defendant," *Todaro*, 2012 WL 299959, at *1 (internal citation and quotation marks omitted), and "a plaintiff is *not* required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)," *Anticevic*, 2009 WL 361739, at *3 (emphasis in original), some courts have exercised their discretion to "impose a

8

threshold requirement . . . that plaintiff has 'reasonably attempted to effectuate service on the defendant(s) and that the circumstances are such that the district court's intervention is necessary,'" *Odebrecht S.A.*, 2018 WL 6253877, at *3 (quoting *SocketWorks Ltd. Nigeria,* 256 F.R.D. at 115).

Here, there is good cause not to require the SEC to attempt service by other, more traditional methods of service before authorizing alternative service. The SEC has taken all reasonable steps it can to effect service on Mmobuosi through other means, including through counsel and by waiver. *See* DiBattista Decl. ¶¶ 18–39. The SEC has also submitted evidence that it would take at least a year for letters rogatory through diplomatic channels to lead to an *attempt* at service on Mmobuosi in Nigeria, Grenier Decl. ¶ 8—a delay that on its own has been found to be sufficient to warrant alternative service. *See, e.g.*, *Odebrecht S.A.*, 2018 WL 6253877, at *6, 8 (collecting cases and concluding that evidence of similar and shorter delays to effect service via letters rogatory justified plaintiff's request for alternative service). But alternative service is further warranted here because any attempt made by Nigerian authorities to serve Defendant would be futile without a physical address. Grenier Decl. ¶¶ 9–10. A request for letters rogatory without a physical address simply could not be effectuated by Nigerian authorities. *Id.*

The SEC's requested methods of alternative service are also reasonably calculated to provide Mmobuosi with notice of the action because these emails and phone numbers are known to be associated with and used by Mmobuosi, have been used by Mmobuosi recently, and, upon information and belief, remain active to this day. As part of the SEC's investigation preceding this litigation, Tingo Group, and other entities and individuals produced more than 15,000 emails and WhatsApp messages that show Mmobuosi regularly used various communication methods— including the email addresses dozy.mmobuosi@tingoinc.com and dozy.mmobuosi@gmail.com and the WhatsApp addresses 447424634920@s.whatsapp.net and 447538504933@s.whatsapp.net through which the SEC seeks to effect service—through at least December 6, 2023, right before the

9

SEC filed the Complaint. DiBattista Decl. ¶¶ 4–6. Since then, SEC Staff have confirmed that Mmobuosi is continuing to use these email addresses and WhatsApp addresses, at least as recently as April 15, 2024. *Id.* ¶ 7. Moreover, service on counsel at Amsterdam and/or Agnifilo will provide Mmobuosi notice of the action given counsel's representation of ongoing, continuing discussions with Mmobuosi about this case, including as recently as this week. *Id.* ¶¶ 34–39.

Finally, the SEC's request for leave to serve Mmobuosi through email and WhatsApp should be considered against the backdrop that <u>Mmobuosi already has actual notice of the SEC's lawsuit</u>. *See In re Terrorist Attacks on September 11, 2001*, No. 03-MD-01570 (GBD)(SN), 2023 WL 2966563, at *2 (S.D.N.Y. Apr. 17, 2023) ("Service by such methods is particularly appropriate where plaintiffs show that the defendants have actual knowledge of the suit or are likely to receive the communication."). Mmobuosi has acknowledged and confirmed his actual knowledge of the Complaint and the charges against him. He has addressed the Complaint and its substance in many press interviews since the filing of this action, DiBattista Decl. ¶¶ 10–13, and he has retained counsel to represent him here (although refused to authorize them to appear and/or accept service of the pleadings on his behalf), *id.* ¶¶ 33–39. Indeed, counsel for Mmobuosi in this case has been discussing this case with him this very week. *Id.* ¶¶ 34–39. These statements and actions establish unequivocally that Mmobuosi knows of the SEC's Complaint, the allegations contained in it, and that a temporary restraining order and preliminary injunction have been entered against him. This Court's authorization of service through email, WhatsApp, and his counsel under Fed. R. Civ. P. 4(f)(3) is thus reasonable, follows constitutional due process requirements, and is the best practical solution given that Mmobuosi's exact physical whereabouts in Nigeria are unknown.

## **CONCLUSION**

For the reasons set forth above, and as supported by the accompanying declarations, the SEC respectfully requests that its request for alternative service via email and WhatsApp accounts used by Mmobuosi and through his retained counsel at Amsterdam and Agnifilo be granted.

Dated:  New York, New York  　　　　　SECURITIES AND EXCHANGE COMMISSION
　　　　　May 10, 2024

　　　　　　　　　　　　　　　　　　　　By:   /s/ David Zetlin-Jones
　　　　　　　　　　　　　　　　　　　　　　　David Zetlin-Jones
　　　　　　　　　　　　　　　　　　　　　　　Michael DiBattista
　　　　　　　　　　　　　　　　　　　　　　　New York Regional Office
　　　　　　　　　　　　　　　　　　　　　　　100 Pearl Street, Suite 20-100
　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10004
　　　　　　　　　　　　　　　　　　　　　　　(212) 336-0978 (Zetlin-Jones)
　　　　　　　　　　　　　　　　　　　　　　　zetlinjonesj@sec.gov