

AFHI Inc

For the Attention of:

Mr. David Zetland- Jones

Mr. Michael S. DiBattista

New York Regional Office

Securities and Exchange Commission

100 Pearl Street, Suite 20-100

New York, NY 1004

Delivered by email

14 August 2024

Mr. Peter Davis

Department of Justice

New York

Dear Sirs,

## Case Reference: 23 Civ. 10928 (JMF)

We refer to your proposed default judgement issued 26 July 2024. We were notified of your intended actions by our General Counsel, Mr. Kenneth Denos of Denos Law & Associates.

As you are aware, both Derrick Randall and I remained as directors of AFHI ("Tingo Inc"), to ensure we maintained governance and cooperation as you conducted your investigation and request for information.

Your injunctions during the course of your investigations have restricted our ability to seek any form of finance to support our defense through legal counsel. As we advised you in our attested Statement of Assets and Liabilities, the company has no financial resources to defend its case formally.

The charges of mass fraud that your findings concluded were conducted by Dozy Mmobousi and/or his colleagues in Nigeria was a shock to us too. Our own investigations since, highlighted some compliance breaches relating to the Tingo Group shares that were used to obtain loans without Board, Audit Committee and CFO authorization. These were highlighted in our Statement of Assets and Liabilities, we submitted to you via our General Counsel, Mr. Ken Denos earlier this year. It has also come to our attention that certain bank accounts were under the direct unauthorized direction of Dozy Mmobousi and operated by Mr. Ken Denos and Mr. Chene Gardner, without due authorization of the Board, Audit Committee and CFO. At minimum, we view AFHI as a victim with these activities. In summary, we assume the evidence you had obtained would have corroborated the above as other than Dozy

Mmobousi, only Ken Denos and Chene Gardner would have had full knowledge and rationale for the actions taken. Some of the movements, were advised to us only during our review of results at the filings stage and to ensure their correct classification and reporting only. We had no prior knowledge of fund flows and their settlements authorized and executed by Ken Denos and Chene Gardner under the direction of Dozy Mmobousi.

Tingo Group, under the merger agreement had obligations to cover certain accruals and regulatory costs, which they are in breach of and knowingly withheld funds due, despite having sufficient liquid funds to fulfil their obligations.

Your conclusion to censure AFHI from any access to funds or assets seems very punitive given, in your own evidence that the activities of falsifying and deceiving the board of AFHI and its management was conducted by a few. In any corporate business, it would seem very harsh to penalize parties that are the recipient of such deliberate manipulation at a very detailed and comprehensive level.

We, as a limited Board, have always sought to comply and protect the assets and rights under the merger contract, regardless of the charges you highlighted, to ensure we cooperated and maintained a level of governance and responsibility to our shareholders and you as the regulator at all times.

Therefore, not being able to fund legal representation has hampered and prejudiced our ability to defend our position. At minimum, we are bystanders in the activities and should be considered victims and not party to your judgement, which we find unfair and without merit.

We therefore, appeal to your good judgement and that of the Department of Justice to examine the facts in more detail and we would be grateful if you would present this letter of defense to the Honorable Judge Freeman, for due consideration.

You made reference to channeling of funds from Tingo Group for the benefit of Dozy Mmobousi. We understand you have received full copies of bank statements and documentation supporting the detailed payments and receipts transacted through the US Bank account. Through your detailed review and examination, you would have gathered clear evidence that other than Dozy Mmobousi, Ken Denos, Chene Gardner and the Tingo Group Board, we had zero visibility, and prior knowledge of such movements. We note that your proposed judgement makes no reference to your conclusions on this very serious breach of corporate governance and unauthorized activities over company assets. Your detailed evidence report last year made reference to funds flowing through Denos Law Trust accounts and the bank account referred above.

To furnish you with the status of the company, we had requested sight of all contracts, Form 4s, Bank Statements for US Bank accounts operated through which funds moved in and out. As you may be aware through evidence you have gathered, that we had no detailed knowledge, no prior authorization requested, nor any formal approval sought to operate such bank accounts on behalf of the company. Given the timeframe by when we had to respond to you, we reviewed as much of the documentation provided by our General Counsel which resulted in our qualified and attested statement of assets and liabilities we submitted to you. We were pleased that you had acknowledged such cooperation and disclosure. We have made several requests to Ken Denos and Chene Gardner to provide detailed explanations and evidence of how the bank account was opened and operated without authorization of the Board, Audit Committee and CFO. We assume you are fully informed of such activities.

AFHI Inc<br>
11650 South State Street, Suite 240<br>
Draper, UT 10010<br>
United States of America

Since then, we have conducted a detailed review of the US Bank – bank account statements and noted the sheer volume of activity on these accounts which, we understand, are controlled and operated by Ken Denos, Chene Gardner under instructions of Dozy Mmobousi. We have since, as a Board, requisitioned more detailed reconciliation and explanation for all these unauthorized movements and tie back the reported balances to what was included in the Statement submitted to you. We are still awaiting full disclosure from the persons above. Of particular concern is how a bank account was opened in the first instance, who the signatories are etc. as we had not granted any formal audit committee, board and CFO approval to such activity. No payments were preauthorized by the Board and it would appear this was operated directly under Dozy Mmobousi's instructions to Ken Denos and Chene Gardner. We are confident that these facts are already known to you as part of your extensive investigation and references in your recommended default judgement.

## Your Decision

We have always continued as a small board to ensure that we continued to represent the interests of our creditors and shareholders, throughout this investigation.

We have reviewed the various actions and non-compliance by Tingo Group with respect to obligations under the Merger Agreement.

*Highlights:*

- Accruals for staff and board costs c $3.8m plus significant level of regulatory filing costs due to AFHI were never settled.
- Cashflows seem to be diverted to the Asian businesses, Tingo Group HO and loans to Tingo subsidiaries per filings with no clear understanding for the basis, under the watch of the previous CEO Darren Mercer. The rates of interest charged seemed unusual, raising question marks? Your summary implied 'Dozy Mmobousi was the principal beneficiary – disguised as phone financing for Tingo Mobile'. It is not clear, where these loans were paid or if any regulatory approval in Nigeria was obtained for such activity due to Central Bank of Nigeria regulations around foreign loans?
- Asian businesses – prior to the merger, Tingo Group's market cap on NASDAQ was primed by the financial services businesses in China, Hong Kong and Singapore. Magpie Group had licenses for equities /asset mgt and payments. None of these activities really got off the ground and we can understand their write off. However, Darren Mercer, then CEO of Tingo Group was very positive about the insurance brokerage business that had a very significant broker network across China, this insurance business was generating substantial revenues and on a run rate (based on their filings) appeared to project an annual revenue of c $50-60m and modestly profitable at the operating level. We were surprised to see in the notes to the filings done in June 23, that all these businesses were written off as impaired and surprisingly, deconsolidated and de-recognized in their financials. Based on market principles, we would consider its value to be at least $100m, which would be in line with the pre-merger market cap of the company? We have written to the board of Tingo Group to seek explanation. The current CEO, Ken Denos, could not comment on these findings.

AFHI Inc
11650 South State Street, Suite 240
Draper, UT 10010
United States of America

- Bonus and share issuances during the merger process – a number of these require notification under negative covenants and on closer inspection of the share issuances there has been a material dilution of shareholders in Tingo Group.
- We respect your decision to require us to cancel all shareholdings and notes held in the name of Dozy Mmobousi and TIH a control company that has him as the principal shareholder. We see this as a key step to provide a basis for other shareholders to potentially receive some value, based on what can be recovered from the underlying businesses. You mention potential distribution to such shareholders and subject to your specific execution, we concur and would be supportive of any procedural compliance required to achieve that.
- Tingo Mobile loan – we have disclosed to you, that AFHI is due more than $16m from the Nigerian business. It is not clear if Tingo Mobile registered the loan as a foreign loan with the Central Bank of Nigeria to comply with local regulations?
- Form 4 transfers- at Audit Committee and prior to Tingo Group publishing its Q3 2023 10Q filings we had made clear to Mr. Ken Denos and Dozy Mmobousi – who were joint CEO of Tingo Group, that we had no knowledge of the purpose for the 10m shares transferred of Tingo Group shares held by AFHI and that we would treat such activity as a repayment in kind of the loan granted to AFHI by Tingo Group ($23.2m). We prorated the value of the shares transferred against shares we would hold as part of the merger and calculated that Tingo Group would owe us $32m. This remained in dispute and not resolved.
- When the 'change of control' was not achieved and under the terms of the merger, we exercised our rights to formally redeem (Board approved) the Preference Notes due under the merger to a loan due by Tingo Group of $666.7m. We disclosed this in our Statement of Assets and Liabilities to you.

**Clarification**

- Your proposed default judgement requires us to cancel all shares and notes held by Dozy Mmobousi including those owned by TIH.
- Cancellation of all shares held by AFHI of Tingo Group

We concur with your direction that other shareholders need to benefit from the negative impact the actions of Dozy Mmobousi caused. Given, the direction to cancel his interests, should shareholders not be allowed to retain the shares in Tingo Group to provide a basis for them to potentially receive some value if indeed there is value to unlock in the TIngo businesses currently in Tingo Group (including any recovery from the Chinese assets that 'disappeared'?).

Subject to the above, we would still wish to pursue Tingo Group for the outstanding debtors highlighted above to seek some value back for our remaining shareholders and staff etc. Placing a blanket restriction on our ability to recover value for our other shareholders and staff seems very punitive, given we view AFHI as a victim caused by the actions of key executives and subsidiary in Nigeria?

AFHI Inc
11650 South State Street, Suite 240
Draper, UT 10010
United States of America

**AFHI Reporting**

As you know, the company has no funds and we have not been able to retain external counsel and sought to continue with our duties at risk, to ensure we maintain interests of our other shareholders during this very challenging phase.

You have charged that Dozy Mmobousi, with collusion at the most senior levels at both the Nigeria and USA level carried out a very elaborate fraud and misrepresented with false bank statements, contracts, ledgers and trading activity reporting. Authorized activities of movements through US Bank accounts, without approval of the Board, Audit Committee and CFO with the cooperation of Ken Denos and Chene Gardner (who operated the bank accounts and Trust accounts at Denos Law).

Recommending a reporting fine on AFHI, would seem a little harsh, considering the level of deception would not be detected due the level of manipulation by senior executives noted above. Even the auditors, accountants and lawyers who conducted detailed audit reviews and due diligence had not noted anything untoward. We view AFHI to be a victim and not a party that benefited from the charges. You assessed that Dozy Mmobousi misled the company and through his working with our General Counsel's cooperation was able to 'siphon funds' highlighted in your report.

AFHI's auditors were asked at our 10K December 21 audit committee if anything raised concerns for them in the confirmation of debtors or bank accounts they audited. No matters were raised. We understand that their files were presented to you during your investigations. When the allegations first surfaced, we had requested our auditors to send us copies of all confirmations received for the period ended 31 December 2021. Disappointingly, it looked obvious that the confirmations were fake. Had we been alerted to such concerns in April 2022, we could have identified the major issues on the financials of Tingo Mobile Nigeria then. Auditors did not raise any alarm.

Based on the detailed bank statements, contracts, ledgers and activity reports we received we did conduct detailed internal reviews to validate the activity. In our experience, when all the above are falsified and 'created' it would be very difficult under any circumstances to detect.

As we both wish to protect our other shareholders and seek to achieve a fair outcome for them from any value we can recover, we would appeal to you to consider the mitigating circumstances above and provide relief to the company on the proposed fine.

The company does not have the financial resources, unless we can recover from Tingo Group debts due, to pay such a fine as recommended by you.

Our duty of care would require us to put the company into bankruptcy or creditor wind up which would destroy our ability for any recovery for our shareholders – which is an objective you have set out.

We would recommend, agreeing a level of compensation to the SEC in the event we can successfully recover some debts due from Tingo Group. Some of the decisions around the 'Chinese businesses' look unusual and may provide a possibility to recover some value from that and some of the underlying Tingo businesses in Nigeria.

AFHI Inc
11650 South State Street, Suite 240
Draper, UT 10010
United States of America

We wish to appeal to your good judgement and prudence, given we do not have the resources to appoint external counsel to represent our appeal to your proposed default judgement and write instead to you direct to reach agreement on how we can continue to support your efforts to bring justice to this most unfortunate episode and serious crime. As a Board, we continue to carry out our duties on risk as we firmly believe that representing the interests of our other shareholders is critical at this very challenging time.

We thank you in advance and sincerely hope the above provides a balanced and fair way to progress towards the outcome you seek based on the actions of a few.

Yours sincerely

Mr. Dakshesh Patel

**Executive Director**

**Authorized by Board of AFHI**

AFHI Inc
11650 South State Street, Suite 240
Draper, UT 10010
United States of America