UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>         -against-<br><br>MMOBUOSI ODOGWU BANYE (a/k/a DOZY MMOBUOSI), TINGO GROUP, INC., AGRI-FINTECH HOLDINGS, INC. (f/k/a TINGO INC.), and TINGO INTERNATIONAL HOLDINGS, INC.,<br><br>                    Defendants. | 23 Civ. 10928 (JMF) |

### [PROPOSED] FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANTS MMOBUOSI ODOGWU BANYE, TINGO INTERNATIONAL HOLDINGS, INC., AGRI-FINTECH HOLDINGS, INC., AND TINGO GROUP, INC.

WHEREAS Plaintiff Securities and Exchange Commission ("Commission") filed a Complaint on December 18, 2023 against Defendants Mmobuosi Odogwu Banye (a/k/a Dozy Mmobuosi ("Mmobuosi"), Tingo Group, Inc. (former Ticker: TIO; current Ticker: TIOG) ("Tingo Group"), Agri-Fintech Holdings, Inc., f/k/a Tingo, Inc. (Ticker: TMNA) ("Agri-Fintech"), and Tingo International Holdings, Inc. ("TIH") (collectively, "Defendants");

WHEREAS Defendants have failed to answer, plead, or otherwise defend this action;

WHEREAS the Clerk of Court entered a Clerk's Certificate of Default Judgment against Defendants on June 18, 2024;

WHEREAS, having considered the Commission's Motion for Entry of a Default Judgment and all the pleadings and evidence submitted in support thereof and having determined that Defendants are not infants or incompetent persons and are not in the military service of the United States, the Court finds the motion is well taken and should be granted and orders as follows:

**I.**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)  to employ any device, scheme, or artifice to defraud;

    (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Agri-Fintech and Tingo Group are permanently restrained and enjoined from violating Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] thereunder by filing with the Commission periodic reports that contain materially false and misleading statements or that omit material facts necessary to make the statements therein not misleading.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants Agri-Fintech's and Tingo Group's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Mmobuosi is permanently restrained and enjoined from (i) aiding and abetting any violation of Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by knowingly or recklessly providing substantial assistance to an issuer that files periodic reports with the Commission that contain materially false and misleading statements or that omit material facts necessary to make the statements therein not misleading; and from (ii) directly or indirectly, controlling any person who violates such provisions, unless Defendant Mmobuosi acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants Mmobuosi's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Mmobuosi is permanently restrained and enjoined from violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by certifying to the best of his knowledge as the principal executive officer and/or principal financial officer of an issuer with a class of securities registered pursuant to Exchange Act Section 12 [15 U.S.C. § 78l], that one or more of the issuer's periodic reports filed with the Commission contained no untrue statements of material fact or omissions of material fact while knowing or recklessly disregarding that the report or reports contain untrue statements of material fact or omissions of material fact.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Mmobuosi's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**VI.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Agri-Fintech and Tingo Group are permanently restrained and enjoined from violating Exchange Act Sections 13(b)(2)(A) and 13(b)(2)(B) [15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(2)(B)] thereunder by failing to keep books records and accounts which, in reasonable detail, accurately and fairly reflect the transactions of the companies and dispositions of their assets and/or failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions are recorded as necessary to permit preparation of financial statements in conformity with GAAP.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants Agri-Fintech's and Tingo Group's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**VII.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Mmobuosi is permanently restrained and enjoined from (i) aiding and abetting any violation of Exchange Act Sections 13(b)(2)(A) and 13(b)(2)(B) [15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(2)(B)] thereunder by knowingly or recklessly providing substantial assistance to an issuer's failure to keep

books records and accounts which, in reasonable detail, accurately and fairly reflect the transactions of the companies and dispositions of their assets and/or failure to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions are recorded as necessary to permit preparation of financial statements in conformity with GAAP; and from (ii) directly or indirectly, controlling any person who violates such provisions, unless Defendant Mmobuosi acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Mmobuosi's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Mmobuosi, is permanently restrained and enjoined from violating Exchange Act Section 13(b)(5) [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by directly or indirectly falsifying, causing to be falsified, or knowingly falsifying any book record or account subject to Exchange Act Section 13(b)(2)(A) [17 U.S.C. § 78m(b)(2)(A)], and/or by knowingly circumventing or failing to implement a system of internal accounting controls.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Mmobuosi's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Mmobuosi is permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by directly or indirectly:

(a) making or causing to be made materially false or misleading statements; and/or omitting to state or causing another person to omit to state, material facts necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with audits, reviews or examinations of financial statements of Agri-Fintech and Tingo Group or in the preparation or filing of Agri-Fintech's and Tingo Group's documents or reports required to be filed with the Commission; or

(b) taking action, or directing another to take an action, to coerce, manipulate, mislead, or fraudulently influence an independent public or certified public accountant engaged in the performance of an audit or review of Agri-Fintech's and Tingo Group's financial statements that were required to be filed with the Commission while he knows or should know that such action(s), if successful, could result in rendering Agri-Fintech and Tingo Group's financial statements materially misleading.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Mmobuosi's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**X.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Mmobuosi is permanently restrained and enjoined from violating Exchange Act Section 16(a) [15 U.S.C. § 78p(a)] and Rule 16a-3 [17 C.F.R. § 240.16a-3] thereunder by failing to timely and accurately file Forms 4 with the Commission containing the information required therein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Mmobuosi's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**XI.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Mmobuosi is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

**XII.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Mmobuosi is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

**XIII.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pursuant to Sections 21(d)(1) and 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(1) and (5)], and Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Defendant Mmobuosi is permanently restrained and enjoined from, directly or indirectly, including but not limited to through any entity he owns or controls, from participating in the issuance, purchase, offer or sale of any security or engaging in activities for purposes of inducing or attempting to induce the purchase or sale of any security.

**XIV.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants TIH and Mmobuosi are jointly and severally liable for disgorgement of $156,672,705.86, representing Defendant TIH's net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $20,193,871.58, for a total of $176,866,577.44. ~~Defendants TIH and Mmobuosi shall satisfy this obligation by paying $176,866,577.44 within 30 days after entry of this Final Judgment.~~

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that shares of stock in Agri-Fintech that Defendants TIH and Mmobuosi own or control be cancelled. Plaintiff shall deliver a copy of this Final Judgment to Agri-Fintech and to Agri-Fintech's transfer agent within 10 days of entry of this Final Judgment, and upon receipt of this Final Judgment, Agri-Fintech and its transfer agent shall promptly cancel all shares held in the name of TIH and/or Mmobuosi. Within 60 days of receipt of this Final Judgment, Agri-Fintech and its transfer agent shall certify in writing compliance with this Final Judgment by sending detailed confirmation to counsel for Plaintiff that all such shares have been cancelled. Such certification shall be sent to David Zetlin-Jones, Securities and Exchange Commission, 100 Pearl Street, Suite 20-100, New York, New York 10004. If Agri-

Fintech or its transfer agent fails to so certify in writing within the required time, this Court shall have jurisdiction to enforce the order through its contempt powers.

**XV.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Agri-Fintech and Mmobuosi are jointly and severally liable for disgorgement of $12,164,000.00, representing Defendant Agri-Fintech's net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $574,682.90, for a total of $12,738,682.90. ~~Defendants Agri-Fintech and Mmobuosi shall satisfy this obligation by paying $12,738,682.90 within 30 days after entry of this Final Judgment.~~

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that shares of stock in Tingo Group that Defendants Agri-Fintech and Mmobuosi own or control be cancelled. Plaintiff shall deliver a copy of this Final Judgment to Tingo Group and to Tingo Group's transfer agent within 10 days of entry of this Final Judgment, and upon receipt of this Final Judgment, Tingo Group and its transfer agent shall promptly cancel all shares held in the name of Agri-Fintech and/or Mmobuosi. Within 60 days of receipt of this Final Judgment, Tingo Group and its transfer agent shall certify in writing compliance with this Final Judgment by sending detailed confirmation to counsel for Plaintiff that all such shares have been cancelled. Such certification shall be sent to David Zetlin-Jones, Securities and Exchange Commission, 100 Pearl Street, Suite 20-100, New York, New York 10004. If Tingo Group or its transfer agent fails to so certify in writing within the required time, this Court shall have jurisdiction to enforce the order through its contempt powers.

**XVI.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Mmobuosi is liable for disgorgement of $27,632,627.93 representing Defendant Mmobuosi's net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest

thereon in the amount of $2,032,811.14, for a total of $29,665,439.07. The Court further imposes a civil penalty against Defendant Mmobuosi in the amount of $31,908,704.21 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Sections 21(d)(3) and 21A(a)(2) of the Exchange Act [15 U.S.C. §§ 78(u)(d)(3), 78u-1(a)(2)]. ~~Defendant Mmobuosi shall satisfy these obligations by paying $61,574,143.28 within 30 days after entry of this Final Judgment.~~

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Mmobuosi shall disgorge the $204,000,000 promissory note inuring to his benefit against Tingo Group due and payable on or before February 9, 2025 resulting from Mmobuosi's sale of Tingo Foods, PLC to Tingo Group (the "Promissory Note"). Upon notice of entry of this Final Judgment by personal service or otherwise, Defendant Mmobuosi shall surrender the Promissory Note to Tingo Group and shall cancel all debts, and forego enforcement of (or any attempts to enforce) any rights, claims, or recourse to any amounts, owed him under the Promissory Note.

## XVII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants TIH, Agri-Fintech, and Tingo Group shall each individually pay a civil penalty in the amount of $1,152,314.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78(u)(d)(3)]. ~~Defendants TIH, Agri-Fintech, and Tingo Group shall satisfy these obligations by making payments to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.~~

## XVIII.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank

11

cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>    Enterprise Services Center
>    Accounts Receivable Branch
>    6500 South MacArthur Boulevard
>    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Mmobuosi, TIH, Agri-Fintech, and/or Tingo Group as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.   Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the

administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payments of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payments of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against any of the Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**XIX.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

The Clerk of Court is directed to terminate ECF No. 67 and to close the case.

Dated: _____August 28_____, 2024

SO ORDERED.

_____
Jesse M. Furman
UNITED STATES DISTRICT JUDGE